## Richmond

### Thomas Alexander Johnson

### v.

### W. M. Riddle, Superintendent, Etc.

September 11, 1981.

Record No. 791122.

Present: All the Justices.

*Marvin D. Miller* for appellant.
*Linwood T. Wells, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

Thomas Alexander Johnson, petitioner, seeks a writ of habeas corpus, alleging that his convictions of larceny and of the breaking and entering of a garage were the result of the improper exclusion of certain testimony and of ineffective assistance of counsel. Specifically, Johnson says he was denied the benefit of an available witness' exculpatory testimony when the trial court sustained an assertion by the witness of his Fifth Amendment right against self-incrimination. The court below denied Johnson's petition for a writ of habeas corpus, and we granted this appeal.

Johnson and Walter Allen were charged with breaking and entering Mountain View Chevrolet, Inc., on or about November 21, 1974, and the theft of automobiles therefrom. Allen pled guilty to the indictment charging larceny and was convicted on the charge of breaking and entering on his plea of not guilty. Both convictions occurred prior to July 8, 1975. However, an appeal of the conviction of breaking and entering was pending in July 1975.

Johnson was convicted of breaking and entering on July 8, 1975, and was sentenced to a term of seven years in the penitentiary. He was convicted of larceny on September 8, 1975, and was given a prison term of twelve years. Both trials were had before a jury, and in each a plea of not guilty was entered. Appeals in both cases were denied. Johnson was represented at the two trials by J. Robert Neal, Jr., of Charlottesville, and Edward E. J. Berry of Madison.

Petitioner's first trial upon the charge of breaking and entering was held on April 15, 1975. It appears from representations by counsel and observations by the trial judge that Allen was called as a witness for Johnson. While the extent of Allen's testimony is not clear, it is evident that he asserted his Fifth Amendment privilege when cross-examined by the Commonwealth's Attorney. The jury failed to reach a verdict in this trial, and a mistrial was declared.

Thereafter, on July 8, 1975, Johnson was retried on the breaking and entering charge, and he again called Allen as a witness in his behalf. The trial judge, out of the presence of the jury, advised

Allen that his appeal of the breaking and entering conviction was pending. Allen was then asked if he wished to assert his privilege against self-incrimination. He responded: "Well it is my understanding that a witness has a right to claim the privilege at any time and I don't want to give up that right." The trial judge advised Allen that he could not testify selectively, saying: "I'll treat it as a refusal to testify on the grounds of self incrimination if you [Allen] say you are going to reserve the right to refuse [to answer questions] at some later stage." Allen replied: "Well I have to reserve that right Your Honor." When again asked by the judge if he wanted to waive the privilege, Allen answered, "No."

Following this exchange, the court permitted counsel for Johnson to proffer Allen's testimony out of the presence of the jury and for the record. Allen stated that Johnson was not involved in the breaking and entering of the Mountain View Chevrolet building.

Johnson's trial for larceny was held on September 8, 1975. He again sought to introduce Allen's testimony. The trial court noted that Allen's appeal of the breaking and entering conviction was still pending, and again advised Allen that he would not be permitted to testify selectively. Allen's testimony was proffered out of the presence of the jury to determine its extent and character. Allen admitted his part in the offense of larceny for which Johnson was being tried but said Johnson was not involved. Allen was then allowed to confer with his attorney, J. Thomas Province, who informed the court that Allen had said that he would testify as to some matters but not about others. Province said he had advised Allen that he could either waive his right against self-incrimination and testify, or claim the right and not testify. When asked by the judge to state his position, Allen responded: "I cannot give up a guaranteed constitutional right Your Honor."

■ We think it apparent from the record before us that Allen at no time was willing to testify fully and freely as a witness in Johnson's trials. He would have appeared had the court permitted him to select the questions to which he would respond and ignore those which he felt would be harmful to his interest. When the danger of self-incrimination was explained to Allen by the court and by his counsel, he unequivocally invoked the Fifth Amendment and claimed the privilege against self-incrimination. Allen never waived his privilege against self-incrimination. The court committed no error in refusing to require that Allen testify in petitioner's trials.

■ Johnson claims that had the court properly applied the provisions of Code § 19.1-267,* it would not have excluded Allen's testimony. This section read:

In a criminal prosecution, other than for perjury, or in an action on a penal statute, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination, unless such statement was made when examined as a witness in his own behalf. No judge or police justice shall be competent to testify against the accused in a court of record as to statements made by the accused on his trial by judge or police justice or on his preliminary examination before such judge or police justice.

This section has no application to the case under review. Allen had made two statements to police officers which incriminated Johnson as a participant in both the breaking and entering and the larceny. Counsel for Allen and Johnson were aware of these statements. Had Allen testified before the jury in Johnson's trial contrary to the statements he had previously made to the officers, this sworn testimony could have been used as evidence in a future prosecution against Allen for perjury. The provisions of Code § 19.1-267 afforded Allen no protection under such circumstances. Allen was therefore entitled to invoke his Fifth Amendment privilege because he was confronted by "substantial and 'real', and not merely trifling or imaginary, hazards of incrimination." *Marchetti* v. *United States,* 390 U.S. 39, 53 (1968); *accord, Rogers* v. *United States,* 340 U.S. 367, 374 (1951); *Brown* v. *Walker,* 161 U.S. 591, 600 (1896).

■ We find no merit in Johnson's claim that he was denied the effective assistance of counsel because his attorneys, Messrs. Neal and Berry, did not invoke the provisions of Code § 19.1-267, a maneuver which would have indeed been a futile gesture. They represented him during all his trials and were throughly familiar with the cases. Neal discussed with Johnson the possibility of Allen's testifying. Neal recalled that prior to the July 8, 1975 trial Allen said "[h]e didn't want to say anything" and when asked if he would testify, Allen replied "no." Neal characterized Allen as a "fairly reluctant witness" at Johnson's first trial in April 1975,

---

* Code § 19.1-267 has been repealed, amended, and reenacted as Code § 19.2-270. 1975 Acts c. 495.

and he did not plan to call Allen as a witness in the subsequent trials. According to Neal, Johnson, who was aware of Allen's position, insisted that Allen be called as a witness, and he was called despite counsel's reservations.

Berry's recollection of the trials parallels that of Neal. He said Allen appeared "reluctant" to testify when asked. Berry and Neal were aware that Allen had made statements to police incriminating himself and Johnson. Berry stated that he was aware of the provisions of Code § 19.1-267, but did not feel the statute could be utilized due to Allen's prior inconsistent statements and his belief that Allen's testimony could precipitate a charge of perjury. Allen was advised by Berry to consult with his attorney before testifying.

Thomas Province, Allen's attorney, made an unsuccessful attempt at Allen's trial to suppress the confessions implicating Allen and Johnson. He remembered discussing the consequences of Allen's testifying in Johnson's trial. Province stated that he advised Allen that if he testified in Johnson's case, he would be committing "grave error, both strategic and tactical."

We find no evidence in this case of ineffective or incompetent assistance of counsel. The record reflects a sound basis for their reluctance to call Allen as a witness. The decision to call or not to call a witness was a tactical decision to be made by counsel, and in this case the decision made was a correct one.

The judgment of the court below denying Johnson's petition for a writ of habeas corpus is

*Affirmed.*